IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-00151-CMA-KMT

EUGENE FLEMING,

Plaintiff,

v.

WENDY'S INTERNATIONAL, INC.,

Defendant.

## ORDER DISMISSING CASE WITHOUT PREJUDICE

Plaintiff filed this suit on January 22, 2010, asserting four claims against his former employer based on its alleged racial discrimination. He brings the suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq.*, and 42 U.S.C. § 1981. (*See* Doc. # 1.)

The case is before the Court on Plaintiff's Motion to Dismiss, filed April 28, 2010. (Doc. # 16.) Although Plaintiff does not cite a rule in support, the Court, liberally construing his filing,[1] infers he is seeking a voluntary dismissal under Fed. R. Civ. P. 41(a)(2).[2]

---

[1] The Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Because Defendant previously filed an answer, Plaintiff's voluntary dismissal must be effected through a court order under Rule 41(a)(2), as opposed to without a court order under Rule 41(a)(1). *See* Fed. R. Civ. P. 41(a).

On May 5, 2010, Defendant responded to Plaintiff's motion. (Doc. # 18.) It agrees with the relief sought with two provisos. First, it seeks to dismiss the case with prejudice, a point on which Plaintiff's motion is silent. Second, it seeks an award of its attorneys' fees and costs. (*Id.*, ¶ 11.)

Defendant seeks to dismiss the case with prejudice because 180 days have passed since Plaintiff received his right-to-sue letter. (Doc. # 18, ¶ 12.) Defendant thus implies, without expressly arguing, that Plaintiff would be barred from later pursuing his claims due to the applicable statute of limitations. *See* 42 U.S.C. § 2000e-5(e)(1). That may be the case, but that is insufficient reason to dismiss with prejudice. *Cf., Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967) (discussing harshness of dismissal with prejudice in context of plaintiff's failure to prosecute). The Court will dismiss the case, but without prejudice. If Plaintiff later pursues this claim again, Defendant will be protected because, if the claim is time barred, Defendant can raise that issue at that time. And if successful, it may also seek attorneys' fees at that time.

Accordingly, pursuant to Fed. R. Civ. P. 41(a)(2), the Court GRANTS Plaintiff's Motion to Dismiss (Doc. # 16) and DISMISSES this case WITHOUT PREJUDICE, each party to bear its own fees and costs.

DATED: July   28  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge